HANLON, JUDGE:
The claimant brought this action under W.Va. Code §14-2-13a, claims for unjust arrest and imprisonment or conviction and imprisonment.
Claimant Harry Lee Clayton was arrested on December 17, 1970, for the armed robbery of Evelyn Henthorn. He was indicted by the grand jury on January 11, 1971. He was tried and convicted of this offense in Wood County Circuit Court. He served approximately 32 months for this conviction in the West Virginia Penitentiary, at Moundsville, West Virginia, and in Huttonsville Correctional Facility, at Huttonsville, West Virginia.
A petition for Writ of Habeas Corpus in the United States District Court, for the Norther District of West Virginia was considered by that Court, whereupon the Court ordered that the conviction for armed robbery was null and void. The writ of habeas corpus was stayed for a reasonable time for the State to determine whether the claimant should be retried.
On April 15, 1976, the Circuit Court of Wood County entered an order that claimant "go hence without day" as the prosecuting attorney declined to further prosecute the claimant.
Documentation presented at the hearing established that Bernard Duane Adkins, also known as Berman Duane Adkins, was indicted with the claimant for the armed robbery of Evelyn Henthorn. He was convicted on January 19, 1972 and sentenced on March 8, 1972 subsequent to claimant's conviction, but prior to claimant's release from prison on the Writ of Habeas Corpus.
Claimant testified that he denied any part in the armed robbery of Evelyn Henthorn. He was with Bernard Duane Adkins at several drinking establishments in Parkersburg on the date of the robbery, but he was not with him at the time of the robbery. He again met Mr. Adkins subsequent to the robbery at the Navy Club, where the two departed that establishment to ride *6 around in a taxi. They were stopped by the police at approximately 8:00 - 9:30 a.m., at which time they were both arrested for the armed robbery of Evelyn Henthorn.
Evelyn Henthorn Whitehead testified before this Court that she remembered the robbery incident. She was employed at Greiner's Bakery on December 17, 1970, when a man came into the store with duct tape over his face and a sweatshirt with a hood on over his head. She stated that claimant Harry Lee Clayton was not the man who robbed her. She made this determination based upon the size of the man who robbed her.
Claimant suffered direct economic loss for attorney fees and bail bonds in the amount of $6,500.00. He also lost employment while he was confined, and he was not steadily employed after his confinement. He is presently retired.
The Court is of the opinion that claimant has established that he was unjustly arrested and convicted and served part of a sentence for a crime for which another individual was tried and convicted. His judgment of conviction was vacated, and he was not retired. The Court, having considered all of the evidence presented is of the opinion that claimant is entitled to an award in accordance with the provisions of W. Va. Code §24-2-13a, and the Court makes an award to claimant in the amount of $35,000.00.
Award of $35,000.00.